UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FREDDIE C. BATCHELOR, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES DEP'T OF HOUSING & ) <br> URBAN DEVELOPMENT SECRETARY, ) <br> ALFONZO JACKSON, ) <br> ) <br> Defendant. ) | No. 08 C 1658 <br><br> Judge Kennelly |

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Defendant Alfonzo Jackson, Secretary of the Department of Housing and Urban Development ("HUD"), by his attorney, Patrick J. Fitzgerald, United States Attorney for the Northern District of Illinois, moves for summary judgment pursuant to Fed. R. Civ. P. 56 and, in support, states as follows:

1. In April 2008, Freddie C. Batchelor, who last worked for HUD in 2004, filed a 34-page, *pro se* complaint alleging that two HUD employees — Gregory Gustin and James Pollock — discriminated against her in various ways in February, March, and April 2004. *See generally* Complaint.

2. A federal employee who believes she has been discriminated against must consult an EEO counselor at the agency at which the employee works "prior to filing a complaint in order to try to informally resolve the matter." 29 C.F.R. § 1614.105(a). This contact with an EEO counselor must occur within 45 days of the discriminatory action or matter. 29 C.F.R. § 1614.105(b).

3. Batchelor did contact HUD's EEO office in 2004 regarding her claims that Gustin and Pollack discriminated against her, and, after completing its investigation, HUD's EEO office issued a final agency decision on Batchelor's claims in January 2006. L.R. 56.1 Stmt. at ¶ 1.

4. Batchelor waited more than two years after receiving the final agency decision to file this civil action. A discrimination suit against the federal government must be filed within 90 days of the plaintiff's receipt of the final agency decision. 42 U.S.C. § 2000e-16(c). The Supreme Court has required "strict compliance" with the requirements of § 2000e-16(c) as a "necessary predicate" to an employment discrimination suit. *Irwin v. Dept. Of Veteran's Affairs*, 498 U.S. 89, 94 (1990). The failure to file a discrimination complaint within 90 days of the plaintiff's receipt of the agency's final decision is fatal to the plaintiff's claims. *Elmore v. Henderson*, 227 F.3d 1009, 1012 (7th Cir. 2000).

5. Because Batchelor missed her filing deadline by two years, summary judgment should be entered in favor of HUD.

6. A L.R. 56.2 notice to *pro se* litigants has been served on plainitiff.

WHEREFORE, Alfonzo Jackson, Secretary of the Department of Housing and Urban Development, requests that summary judgment be entered in his favor.

Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney

By: s/ Gina E. Brock
    GINA E. BROCK
    Assistant United States Attorney
    219 South Dearborn Street
    Chicago, Illinois 60604
    (312) 353-7919

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| FREDDIE C. BATCHELOR | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08 C 1658 |
| | ) | |
| UNITED STATES DEP'T OF HOUSING & | ) | |
| URBAN DEVILOPMENT SECRETARY, | ) | Judge Kennelly |
| ALFONZO JACKSON, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>NOTICE TO PRO SE LITIGANT OPPOSING MOTION FOR SUMMARY JUDGMENT</u>**

The defendant has moved for summary judgment against you. This means that the defendant is telling the judge that there is no disagreement about the important facts of the case. The defendant is also claiming that there is no need for a trial of your case and is asking the judge to decide that the defendant should win the case based on its written argument about what the law is.

In order to defeat the defendant's request, you need to do one of two things: you need to show that there is a dispute about important facts and a trial is needed to decide what the actual facts are or you need to explain why the defendant is wrong about what the law is.

Your response must comply with Rule 56(e) of the Federal Rules of Civil Procedure and Local Rule 56.1 of this court. These rules are available at any law library. Your Rule 56.1 statement needs to have numbered paragraphs responding to each paragraph in the defendant's statement of facts. If you disagree with any fact offered by the defendant, you need to explain how and why you disagree with the defendant. You also need to explain how the documents or declarations that you are submitting support your version of the facts. If you think that some of the facts offered by the defendant are immaterial or irrelevant, you need to explain why you believe that those facts should

not be considered.

In your response, you must also describe and include copies of documents which show why you disagree with the defendant about the facts of the case. You may rely upon your own declaration or the declarations of other witnesses. A declaration is a signed statement by a witness. The declaration must end with the following phrase: "I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct," and must be dated. If you do not provide the Court with evidence that shows that there is a dispute about the facts, the judge will be required to assume that the defendant's factual contentions are true, and, if the defendant is also correct about the law, your case will be dismissed.

If you choose to do so, you may offer the Court a list of facts that you believe are in dispute and require a trial to decide. Your list of disputed facts should be supported by your documents or declarations. It is important that you comply fully with these rules and respond to each fact offered by the defendant, and explain how your documents or declarations support your position. If you do not do so, the judge will be forced to assume that you do not dispute the facts which you have not responded to.

Finally, you should explain why you think the defendant is wrong about what the law is.

                                                PATRICK J. FITZGERALD
                                                United States Attorney

                                              By:  s/ Gina E. Brock
                                                  GINA E. BROCK
                                                  Assistant United States Attorney
                                                  219 South Dearborn Street
                                                  Chicago, Illinois 60604
                                                  (312) 353-7919
                                                  gina.brock@usdoj.gov