# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 1658 | **DATE** | 8/14/2008 |
| **CASE TITLE** | Batchelor vs. Jackson | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, the Court denies defendant's motion for summary judgment [docket no. 15].

■[ For further details see text below.]    Docketing to mail notices.

## STATEMENT

*Pro se* plaintiff Freddie Batchelor, a former employee of the U.S. Department of Housing and Urban Development (HUD), has sued the Secretary of HUD for, among other things, race-based and disability-based discrimination. Batchelor's complaint also includes a hodgepodge of other apparent claims, including (among other things) improper interference with a worker's compensation claim and violation of statutory protections against whistle blowers. Defendant has moved for summary judgment on Batchelor's claims of discrimination, alleging that she did not file her suit within the applicable period of limitations. Defendant's motion does not address Batchelor's other claims, which is not difficult to understand because Batchelor's complaint, like some others prepared by *pro se* litigants, does not clearly delineate the basis for each of her apparent claims. The fact that defendant's motion does not address all of Batchelor's claims does not, however, prevent the Court from ruling on it.

Batchelor filed a charge of discrimination with HUD's equal employment opportunity office, and the agency made a final decision on her claim in January 2006. Batchelor filed her lawsuit in March 2008. In his motion for summary judgment, which is short and to the point (perhaps too much so, as will become apparent), defendant states that "[a] discrimination suit must be filed within 90 days of the plaintiff's receipt of the final agency decision. 42 U.S.C. § 2000e-16(c)." Def. Mot. ¶ 4. Defendant then concludes that "[b]ecause Batchelor missed her filing deadline by two years, summary judgment should be entered in favor of HUD." *Id.* ¶ 5.

The problem with defendant's motion for summary judgment is that it says nothing about when Batchelor received the agency decision – the event that, as defendant argues, triggers the ninety-day period – or even whether, or when, the decision was sent to Batchelor. Defendant's motion was thus deficient on its face.

In her response, Batchelor stated that she did not receive the agency's decision in January 2006 and did not

**STATEMENT**

even become aware of it until the fall of 2007. Pl. Resp. ¶ 3. Batchelor did not swear to the truth of this or other statements in her response, despite relatively clear instructions in the Local Rule 56.2 notice given to her that she could rely on her own "declaration" but that any declaration had to be made under penalty of perjury. But even if the Court does not consider Batchelor's statement, as noted earlier defendant's motion was insufficient to establish when she received the agency decision.

After receiving Batchelor's response to the motion, defendant filed a reply in which it stated that "according to the United States Postal Service, the 2006 agency decision was delivered at 5:07 p.m. on January 25, 2006, and was signed for by F. Batchelor." Def. Reply at 2. In support of this contention, defendant submitted a new exhibit. *See id.* Ex. B. The exhibit has the Postal Service's name and logo at the top along with the title "Track & Confirm" and a description of "Search Results." It provides a twenty-digit receipt number and a statement that "Your item was delivered at 5:07 pm on January 25, 2006 in Chicago, IL 60649. The item was signed for by F BATCHELOR." The receipt number corresponds with a "signature confirmation number" identified at the outset of the agency's decision denying Batchelor's discrimination claims. Defendant argues that the Court should not rely on Batchelor's denial that she received the decision because it is "without evidentiary support." Def. Reply at 2.

There are two problems that prevent the Court from relying on defendant's exhibit – at least in the way it has been presented thus far – to grant summary judgment against Batchelor on her discrimination claims. First, the exhibit was not submitted until defendant filed its reply brief, after Batchelor no longer had a chance to respond. This might be excusable if the need to prove the date Batchelor received the decision had been a non-issue until Batchelor filed her response. But that is not the case. As the Court noted earlier, defendant itself stated that the plaintiff's receipt of the agency decision is the event that triggers the ninety day limitations period. Thus the date of receipt was part of what defendant had to show to establish its limitations defense. For this reason, the evidence submitted with the reply should have been included with defendant's opening brief. If that had been done, Batchelor would have had a fair chance to respond to defendant's evidence.

Second, even were the Court to consider defendant's exhibit, it suffers from a deficiency similar to the one defendant identified when it characterized Batchelor's denial of receipt as lacking in proper evidentiary support. Specifically, defendant has done nothing to lay the foundation for admissibility of the exhibit. As best as the Court can determine, the exhibit is a printout from the Postal Service's website. As such, it is anything but self-authenticating; a foundation is required before it can be considered admissible in evidence. The Court also notes that the printout indicates on its face that further documentation - perhaps the signed receipt itself? - is available: it says that "Additional information for this item is stored in files offline." Def. Reply, Ex. B. If defendant wants to offer evidence of Batchelor's receipt of the agency decision, it should locate and submit the underlying document(s) (if available), with an appropriate evidentiary foundation, not an unauthenticated, once-removed summary obtained from a web site.

In sum, defendant's motion does not provide a basis to grant summary judgment on Batchelor's discrimination claims, nor is the deficiency cured by defendant's reply. The Court therefore denies defendant's motion for summary judgment [docket no. 15].