IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FREDDIE C. BATCHELOR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 08 C 1658 |
| ) | |
| SHAUN DONOVAN, Secretary of ) | |
| the United States Department of ) | |
| Housing and Urban Development, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Freddie Batchelor has sued Shaun Donovan, the Secretary of Housing and Urban Development (HUD), for race and gender discrimination, retaliation, and constructive discharge.[1] Donovan has moved for summary judgment, arguing that Batchelor's claim is time-barred. For the following reasons, the Court grants the motion.

### Facts

The Court takes the facts from the parties' Local Rule 56.1 submissions.

Batchelor is an African-American woman who was employed at HUD's Chicago office from 1987 through May 2004. In March 2004, Batchelor contacted the HUD's Equal Employment Opportunity (EEO) division to file an informal complaint of discrimination concerning events that occurred in February and March 2004. The EEO

---

[1] The Court thanks Batchelor's appointed counsel, Craig Leavell, Michael Parks, and Meredith Zianni of Kirkland & Ellis, for their diligent service on Batchelor's behalf.

division did not resolve the complaint to Batchelor's satisfaction, and in May 2004, Batchelor filed a formal complaint, which was assigned case number CH 04 12 M.

On January 9, 2006, the EEO division issued a final decision that Batchelor had not been subjected to unlawful employment discrimination. The EEO division mailed the finding to Batchelor at an address in Evergreen Park, Illinois. Batchelor did not receive the copy of the finding because she did not reside at that address.

On July 10, 2007, the HUD EEO division received by facsimile transmission a letter from an Rose Joshua, who stated that she represented Batchelor and requested a copy of the agency's final decision. Two days later, on July 12, 2007, the HUD EEO division received by facsimile transmission a second letter from Joshua, countersigned by Batchelor, which stated that Joshua represented Batchelor in case number CH 04 12 M. On July 24, 2007, Jerry Holloway, the EEO Specialist/Team Leader in HUD's EEO division who coordinated the handling of Batchelor's complaint, sent a copy of the agency's final decision to Joshua by certified mail and facsimile transmission.

On August 28, 2007, the HUD EEO Division received by facsimile transmission a letter from Joshua offering to settle Batchelor's claims. On August 30, 2007, John Burden, the director of the HUD EEO Division, sent a letter by certified mail to Joshua rejecting the settlement offer and stating that HUD had, on July 24, 2007, mailed to Joshua a copy of the agency's final decision and that the final decision had been delivered to Joshua's office and that Joshua had signed for it on August 1, 2007. Batchelor herself appears to have received a copy of the final agency decision in September 2007.

In September 2007, Joshua told Batchelor that she had telephoned HUD officials

John Burden and Izella Harvey about the status of Batchelor's claim. Batchelor understood from this conversation that HUD officials would follow up with her or Joshua about mediating her claims. In October 2007, Joshua informed Batchelor that Burden had telephoned her about Batchelor's claims. Batchelor understood from this conversation that HUD was having difficulty addressing her claims because of her role as a witness in litigation against HUD.

In November 2007, Batchelor sent HUD a letter regarding the settlement potential of her discrimination claim. In the letter, Batchelor wrote that the August 2007 letter sent to Joshua "indicates that the department has no reason to settle but in recent calls with her there were discussions about settlement. I am totally confused by HUD's actions in this case . . . . We have been talking back and forth with HUD officials for the last eight months and all officials have either passed the buck or been [non-]responsive to critical questions and issues." Pl.'s Ex. 1A. In December 2007, Joshua told Batchelor that she had received a call from HUD in which HUD indicated that it would not continue settlement discussions pertaining to Batchelor's claim at that time but might do so in the future.

Batchelor filed a *pro se* lawsuit against Donovan on March 21, 2008. The Court appointed counsel to represent Batchelor, and Batchelor filed an amended complaint in January 2009. Donovan raised a timeliness issue early in litigation. The Court bifurcated the case to deal with the timeliness issue first. Donovan has now moved for summary judgment, arguing that Batchelor did not file suit in timely fashion after receiving HUD's final decision on her complaint.

**Discussion**

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56 (c). The law requires the Court to consider the evidence and draw all reasonable inferences in favor of the non-moving party. FED. R. CIV. P. 56 (c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court's "function is not to weigh the evidence but merely to determine if there is a genuine issue for trial." *Bennett v. Roberts*, 295 F.3d 687, 694 (7th Cir. 2002). "Summary judgment is not appropriate 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)).

Donovan argues that Batchelor filed her lawsuit well after the ninety-day limitation set forth in 42 U.S.C. 2000e-16(c) had expired. Batchelor argues that HUD's actions between September 2007 and December 2007 led her to believe that they were negotiating a settlement of her claims and that it was reasonable to put filing a lawsuit on hold pending the outcome of those negotiations. She contends that the statute of limitations period should be equitably tolled through at least December 2007. Donovan contends that Batchelor's evidence of her negotiations with HUD officials is inadmissible or irrelevant but that this evidence, even if considered, does not entitle her to equitable tolling. The Court will assume for purposes of discussion that Batchelor's evidence of the settlement negotiations is admissible.

A federal government employee alleging a Title VII violation must file suit within ninety days of receiving notice of the agency's final decision on her internal complaint. 42 U.S.C. § 2000e-16(c); *see Elmore v. Henderson*, 227 F.3d 1009, 1010-11 (7th Cir. 2000). In a case against a private employer, the 90-day period of limitation "begins to run on the date that the EEOC right-to-sue notice is actually received either by the claimant or by the attorney representing him in the Title VII action," *Jones v. Madison Service Corp.*, 744 F.2d 1309, 1312 (7th Cir. 1984); *see Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 92 (1990); *Saxton v. American Tel. & Tel. Co.,* 10 F.3d 526, 532 n.11 (7th Cir. 1993), and there is no reason to believe that a different rule applies regarding receipt of notice of the final internal agency action in a case involving a federal government employer. The Court will assume for purposes of discussion, however, that Batchelor first received the decision sometime in September 2007, meaning that her suit had to be filed on some date in December 2007 (ninety days later) unless there is a basis to toll or extend the ninety-day period.

Title VII's time requirements are statutes of limitation, not jurisdictional prerequisites. *Irwin*, 498 U.S. at 94. The doctrine of equitable tolling, which stops a statute of limitations period from running after a claim has accrued, is applied "sparingly." *Amtrak v. Morgan*, 536 U.S. 101, 113 (2002); *Irwin*, 498 U.S. at 96. The plaintiff bears the burden of proving that equitable tolling applies. *Hamilton v. Komatsu Dresser Industries, Inc.*, 964 F.2d 600, 606 (7th Cir. 1992).

Equitable tolling is typically reserved for situations in which the defendant's misconduct has induced or tricked the plaintiff into allowing the filing deadline to pass, the plaintiff has in some extraordinary way been prevented from filing his complaint in

5

time, or the plaintiff has made a good faith error, such as bringing a timely complaint in the wrong court. *Threadgill v. Moore U.S.A., Inc.*, 269 F.3d 848, 850 (7th Cir. 2001). The latter point does not apply, and Batchelor has presented no evidence from which a reasonable fact finder could determine that HUD affirmatively tried to induce her to allow the filing deadline to pass or led her to believe that the clock was not running. For this reason, Batchelor is entitled to equitable tolling only if her settlement negotiations with HUD somehow prevented her from filing her complaint on time.

Batchelor's settlement negotiations do not warrant tolling the ninety-day limitation period. As the Seventh Circuit stated in a different context in *Doe v. Blue Cross & Blue Shield United*, 112 F.3d 869, 875 (7th Cir. 1997), discussing settlement after striking out at the final stage of the [administrative] appeals process no more extends the deadline for suit than discussing settlement after the final judgment in the district court extends the time for taking an appeal." *See also, e.g., Raziano v. United States*, 999 F.2d 1539, 1541-42 (11th Cir. 1993) ("[W]e decline to extend equitable tolling to cover cases in which the government, because of pre-suit negotiations, knew about a claim that might be pursued against it in court. Nothing about this case, or cases like it, is extraordinary enough to justify a gaping exception to the usual rule."); *Brighton Village Assocs. v. United States*, 52 F.3d 1056, 1060-61 (Fed. Cir. 1995) (holding that the plaintiff's settlement negotiations with HUD on a breach of contract claim did not toll the six-year statute of limitation for filing suit in the Federal Court of Claims).

In *Doe v. Blue Cross & Blue Shield United*, the court declined to toll the statute of limitations on the ground that the plaintiff and defendant had engaged in settlement

negotiations, because nothing precluded the plaintiff from filing a timely lawsuit while still continuing to negotiate. *Doe*, 112 F.3d at 875. The same is true in Batchelor's case. Assuming a reasonable finder of fact could conclude that Batchelor's actual reason for not filing a timely complaint was that she thought settlement was possible, the law does not permit tolling in those circumstances. *See Mercado-Garcia v. Ponce Fed. Bank*, 979 F.2d 890, 896 (1st Cir. 1992) (employer's offer to consider settlement did not equitably estop or equitably toll time for former employee to file an age discrimination complaint with EEOC); *Cuban Truck & Equip. Co. v. United States*, 166 Ct. Cl. 381, 391 (Ct. Cl. 1964) ("The mere continuance of negotiations, even where United States representatives express a view that a settlement is likely, constitutes no reason to extend the limitations period.").

## Conclusion

For the foregoing reasons, the Court grants defendant's motion for summary judgment [docket no. 44] and directs the Clerk to enter summary judgment in favor of the defendant.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: November 23, 2009

7